UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re: GinaMarie Forester

Case No.: 19-27926
Chapter: 13
Judge: JNP

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

**GinaMarie Forester**, **Debtor**, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

Address of the Clerk:
US Bankruptcy Court
District of New Jersey
PO Box 2067
Camden, NJ 08101

If an objection is filed, a hearing will be held before the Honorable **Jerrold N. Poslusny** on **December 17, 2019** at **10:00** a.m. at the United States Bankruptcy Court, courtroom no. **4C**, **401 Market Street, Camden, NJ** (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

Nature of action: Action by Debtor's siblings against the Debtor to set aside inter vivos deed transfer of condominium unit, located at 203 E. Brigantine Avenue, Unit 211, Brigantine, New Jersey (the "Condo Unit") from father (now deceased) to Debtor; to remove Debtor as executor of father's estate; and for compensatory damages.

Pertinent terms of settlement:
Debtor to transfer ownership of Condo Unit to siblings.
Debtor to waive any interest she may have in medical malpractice claim initiated by sister related to father's medical care and treatment leading to his death.
Debtor to give up any other interest she may have in father's estate.
Siblings to assume sole responsibility for mortgage loan obligation against Condo Unit with balance of $77,300.00
Siblings to give up any other claims against Debtor.
See Consent Judgment attached.

Objections must be served on, and requests for additional information directed to:

Name: Robert A. Loefflad, Esquire

Address: PO Box 405, Linwood, New Jersey 08221

Telephone No.: 609-653-1500

*rev.8/1/15*

**MANTELL, PRINCE & REYNOLDS, P.C.**
430 Mountain Avenue, Suite 113
Murray Hill, New Jersey 07974
Tel: (908) 464-5900
Fax: (908) 464-5901
Gregory J. Coffey, Esq.
NJ Attorney ID No. 000961987
Attorneys for Plaintiffs, Edward L. McDonald, Jr.,
Theresa A. Visconto, and Donna M. McDonald-McGinn

SUPERIOR COURT
ATLANTIC COUNTY
FILED

SEP 23 2019

JAMES CURCIO
SURROGATE
DEPUTY CLERK

| In the Matter of the<br><br>ESTATE OF EDWARD L. McDONALD, SR. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: PROBATE PART<br>ATLANTIC COUNTY<br><br>DOCKET NO. 121534<br><br>Civil Action<br><br>**CONSENT JUDGMENT** |
|---|---|

**THIS MATTER** having come before the Court by way of Consent Judgment, by and between plaintiffs, Edward L. McDonald, Jr., Theresa A. Visconto, and Donna M. McDonald-McGinn (hereinafter referred to as the "Plaintiffs), and defendant, Ginamarie Forester ("Defendant"), and where the parties have agreed and consented to an amicable resolution of this matter, and having determined that the entry of the following Consent Judgment will facilitate the fair and expeditious resolution of this action, and for good cause appearing:

IT IS on this ___23rd___ day of September, 2019,

**ORDERED THAT:**

1. Defendant, Ginamarie Forester, as record owner of title, shall directly and immediately convey the real property containing a condominium unit located at 203 East Brigantine Boulevard, Unit No. 211, Brigantine, Atlantic County, New Jersey (hereinafter the "Subject Property") to Plaintiffs, who shall take title to the Condominium as tenants in common.

2. Any and all fees and expenses related to the Subject Property, including, but not limited to, property taxes, condominium association fees, assessments, and insurance up to and including July 31, 2019 shall be the responsibility of Defendant, Ginamarie Forester.

3. As of August 1, 2019, any and all fees and expenses related to the Subject Property, including, but not limited to, property taxes, condominium association fees, and insurance, as well as the balance of the existing equity line on the Subject Property, represented to be in the amount of $77,300 as of July 31, 2019, and subject to verification thereof, will become the responsibility of Plaintiffs.

4. As of August 1, 2019, any and all rent payments collected from tenants of the Subject Property shall be collected by and paid directly to the Plaintiffs.

5. The tenant or tenants currently occupying the Subject Property on a month-to month basis have not placed any security deposit with respect thereto, and in the event that the tenant or tenants currently occupying the Subject Property vacate the premises, there shall be no request and/or obligation to Plaintiffs to repay any such security deposit.

6. Defendant represents that other than the home equity line of credit that maintains a balance of $77,300 as of July 31, 2019, there are no other liens and/or encumbrances on the Subject Property as of July 31, 2019. In the event a title search reveals the existence of any liens and/or encumbrances on the Subject Property other than the home equity line of credit that maintains a balance of $77,300 as of July 31, 2019, such liens and/or encumbrances on the Subject Property shall continue to be the responsibility of Defendant, and Plaintiffs fully reserve all rights and legal remedies against Defendant in connection therewith, and nothing in this Consent Judgment may be construed to have released Defendant from any such obligation.

7. Defendant shall be entitled to remove and keep the bedroom set and items located in the attic represented by the Defendant to have only sentimental value from the Subject Property with the removal of such bedroom set and items located in the attic to occur in a way that does not materially disrupt the current tenant and/or the sale of the Subject Property.

8. With the exception of the bedroom set and the items of sentimental value located in the attic referenced in Paragraph 7 above, all other contents of the Subject Property, including, but not limited to, furniture and furnishings will remain indefinitely at the Subject Property until the Subject Property is sold. All fixtures to the Subject Property, along with certain appliances which are not fixtures, including, but not limited to, the refrigerator, the dishwasher, the stove, the oven, the washing machine, and the dryer will further remain indefinitely with the Subject Property until the Subject Property is sold. With the exception of the bedroom set and the items of sentimental value located in the attic referenced in Paragraph 7 above, Defendant, Ginamarie Forester relinquishes and releases any and all rights and/or interest in any other furniture and furnishings at the Subject Property.

9. With respect to the lawsuit for medical malpractice currently pending in the Superior Court of New Jersey, Law Division, Atlantic County, entitled _Theresa Visconto v. AtlantiCare Regional Medical Center_, Docket No. ATL-L-001880-19, (hereinafter the "Medical Malpractice Action" any and all recoveries obtained from the Medical Malpractice Action shall inure to the benefit of the Plaintiffs. Defendant, Ginamarie Forester relinquishes and releases any and all rights and/or interest in any recovery obtained or to be obtained by Plaintiffs in connection with the Medical Malpractice Action.

10. Defendant, Ginamarie Forester relinquishes and releases any and all rights and interest to serve as the Executrix of the Estate of Edward L. McDonald, Sr. (hereinafter the "Estate").

11. All other assets of the Estate, including, but not limited to, any bank or brokerage accounts, any real and/or personal property of any kind, and any other source of funds to the Estate shall inure to the benefit of Plaintiffs and Defendant, Ginamarie Forester relinquishes and releases any and all rights and interest to all other assets of the Estate.

12. Defendant represents that other than the home equity line of credit on the Subject Property that maintains a balance of $77,303 as of July 31, 2019, all other debts, expenses, liabilities, and/or payment obligations to creditors of the Estate, including, but not limited to, outstanding credit card balances, have been discharged. In the event other debts, expenses, liabilities, and/or payment obligations to creditors of the Estate, including, but not limited to, outstanding credit card balances, not specifically identified and enumerated in this Consent Judgment are revealed after entry of this Consent Judgment, Plaintiffs fully reserve all rights and legal remedies against Defendant in connection therewith, and nothing in this Consent Judgment may be construed to have released Defendant from any such obligation.

13. The parties agree to fully cooperate in good faith with each other in executing all documents and materials necessary to effectuate the transfer and conveyance of title of the Subject Property from Defendant to Plaintiffs and the parties further agree to fully cooperate in good faith and in a manner as non-intrusive as possible to achieve completion of all tasks and undertakings required by this Consent Judgment with respect to the Subject Property and the Estate.

14. The parties agree to execute such additional documents as may be reasonably required in order to carry out the purpose and intent of this Consent Judgment, or to evidence anything contained herein.

15. This Consent Judgment shall be deemed an Order of Dismissal of this Lawsuit with prejudice and without costs to the extent that there has been full and accurate disclosure of all assets and liabilities of the Estate, including, but not limited to, any additional bank accounts and obligations to creditors. To the extent it is subsequently revealed that there has not been full and accurate disclosure all assets and liabilities of the Estate, Plaintiffs fully reserve all rights and legal remedies against Defendant in connection therewith, and nothing in this Consent Judgment may be construed to have released Defendant from any such obligation.

16. Plaintiffs hereby release and discharge Defendant, Ginamarie Forester, Robert Forester, and their children, respective heirs, personal representatives and assigns, from all actions, causes of actions, claims, arbitrations, suits, debts, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, Order of Settlements, claims and demands whatsoever, in law or equity, through the day of execution of this Consent Judgment, which Plaintiffs ever had, now has or hereafter may have for, upon, or by reason of any matter, cause or thing whatsoever arising from this Lawsuit or from the Estate, including any non-probate assets, with the exception of the obligations set forth in this Consent Judgment Amount after entry of this Consent Judgment.

17. Defendant, Ginamarie Forester and Robert Forester hereby release and discharge Plaintiffs, each of them, and their respective children, heirs, personal representatives and assigns, from all actions, causes of actions, claims, counterclaims, arbitrations, suits, debts, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises,

variances, trespasses, damages, Order of Settlements, claims and demands whatsoever, in law or equity, through the day of execution of this Consent Judgment, which Defendant, Ginamarie Forester and Robert Forester ever had, now has or hereafter may have for, upon, or by reason of any matter, cause or thing whatsoever arising from this Lawsuit or from the Estate, including any non-probate assets, with the exception of the obligations set forth in this Consent Judgment Amount after entry of this Consent Judgment.

18. This Consent Judgment is an absolute bar to all claims released hereunder. The parties will not at any time file any suit or make any demand against the other based upon the claims released hereunder.

19. The parties are not seeking judgment to recover attorneys' fees and costs incurred to date relative to the Lawsuit and this Consent Judgment.

20. A copy of the executed Consent Judgment shall be served upon all parties within seven (7) days of the entry.

_____
Hon. Michael J. Blee, P.J. Ch.