| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Robert A. Loefflad, Esquire<br>NJ Bar ID# 024791996<br>Ford, Flower, Hasbrouck & Loefflad<br>Post Office Box 405<br>Linwood, New Jersey 08221<br>Tel (609) 653-1500<br>Fax (609) 653-8887<br>Email: rloefflad@ffhlaw.com<br><br>In Re:<br>GinaMarie Forester | Case No.: 19-27926<br>Chapter: 13<br>Adv. No.: <br>Hearing Date: <br>Judge: JNP |

## CERTIFICATION OF SERVICE

1. I, __Melissa Decker__ :

   ☐ represent _____ in this matter.

   ☒ am the secretary/paralegal for __Robert A. Loefflad__, who represents __Debtor__ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On __12/04/2019__, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   Order Respecting Amendment to Schedules; Notice of Chapter 13 Bankruptcy Case; Notice of Confirmation Hearing; Modified Chapter 13 Plan filed on 12/04/2019

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

   /s/ Melissa Decker
   Signature

Date: 12/04/2019

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Priority Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Internal Revenue Service<br>955 S. Springfield Avenue, Bldg. A<br>Springfield, New Jersey 07081 | Priority Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

# FORD, FLOWER, HASBROUCK & LOEFFLAD
*Attorneys at Law*

CENTRAL SQUARE, SUITE 42A
P.O. BOX 405
199 NEW ROAD
LINWOOD, NEW JERSEY 08221
(609) 653-1500
FAX:(609) 653-8887
www.ffhlaw.com

CENTRE COURT - SUITE N-101
728 WEST AVENUE
OCEAN CITY, NEW JERSEY 08226
(609) 398-8166
FAX: (609) 398-8633
www.ffhlaw.com

ARTHUR T. FORD, III
WILLIS F. FLOWER     wflower@ffhlaw.com
DAVID C. HASBROUCK   dhasbrouck@ffhlaw.com
ROBERT A. LOEFFLAD   rloefflad@ffhlaw.com

Of Counsel
GEORGE L. SELTZER    gseltzer@ffhlaw.com

DELIVERY ADDRESS:
Central Square, Suite 42A
199 New Road
Linwood, NJ 08221

**PLEASE REPLY TO:
MAILING ADDRESS:
P.O. Box 405
Linwood, NJ 08221**

December 4, 2019

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
955 S. Springfield Avenue, Bldg. A
Springfield, New Jersey 07081

RE:   In re GinaMarie Forester
      Bankruptcy Case No. 19-27926 JNP
      Our file no.: 19-8808

Dear Madam or Sir:

I am the attorney for GinaMarie Forester with regard to the above captioned chapter 13 bankruptcy proceeding. Please be advised Ms. Forester filed for bankruptcy protection on September 19, 2019. Your claim was inadvertently omitted from the list of priority creditors. At this time, I am enclosing a copy of the following documents:

- Order Respecting Amendment to Schedules,
- Notice of Chapter 13 Bankruptcy,
- Notice of Confirmation Hearing,
- Modified Chapter 13 Plan filed on December 4, 2019.

Please note the confirmation hearing is currently scheduled for Wednesday, December 18, 2019, at 10:00 a.m. I expect this hearing will be postponed to a later date.

**FORD, FLOWER, HASBROUCK & LOEFFLAD**
*Attorneys at Law*

Internal Revenue Service
December 4, 2019
Page 2

Thank you for your attention to this matter.

          Very truly yours,

          FORD, FLOWER, HASBROUCK & LOEFFLAD

          Robert A. Loefflad, Esquire

RAL/ral
Enclosure
cc:    GinaMarie Forester (w/enc.)

Form oresadoc — oresadocv27

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
401 Market Street
Camden, NJ 08102

Case No.: 19-27926-JNP
Chapter: 13
Judge: Jerrold N. Poslusny Jr.

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
GinaMarie Forester
aka Gina T. Forester, aka Gina Marie Forester, aka GinaMarie T. Forester
7 Ruth Court
Absecon, NJ 08201

Social Security No.:
xxx-xx-9700

Employer's Tax I.D. No.:

## ORDER RESPECTING
## AMENDMENT TO SCHEDULE D, E/F, G OR H
## OR LIST OF CREDITORS

The Court having noted that the debtor filed an Amendment to Schedule E/F on November 22, 2019 or to the List of Creditors on N/A, and for good cause shown, it is

ORDERED that the debtor must provide notice of the Amendment to the creditor(s) or party(ies) being deleted, added or modified and to the trustee in the case, if any, not later than 7 days after the date of this Order.

It is further ORDERED that the debtor(s) must serve on added creditors or parties, not later than 7 days after the date of this Order, the following:

1. A copy of the applicable Notice of Chapter 13 Bankruptcy Case, and

2. In a Chapter 11 case:

   a) a copy of the last modified plan and disclosure statement, if any, and

   b) a copy of any order approving the adequacy of the disclosure statement and/or the scheduling of the plan for confirmation.

3. In a Chapter 12 or Chapter 13 case:

   a) a copy of the Notice of Hearing on Confirmation of Plan, if any, and

   b) a copy of the last modified plan that has been filed in the case.

It is further ORDERED that not later than 7 days after the date of this Order, the debtor(s) must file the Local Form, Certification of Service, certifying compliance with the above requirements.

It is further ORDERED that the added creditors or parties have

1. until the original deadline, if any, fixed by the court to file a complaint to object to the debtor's discharge or dischargeability of certain debts, or sixty 60 days from the date of this Order, whichever is later;

2. until the original deadline, if any, fixed by the Court to file a proof of claim or required supplement, or sixty 60 days from the date of this Order, whichever is later;

3. until the original deadline fixed by the Court to object to exemptions, or thirty 30 days from the date of this Order, whichever is later.

Dated: November 25, 2019
JAN: eag

<u>Jerrold N. Poslusny Jr.</u>
United States Bankruptcy Judge

| Information to identify the case: | | | | | | |
|---|---|---|---|---|---|---|
| Debtor 1: | GinaMarie | | Forester | Social Security number or ITIN: | xxx-xx-9700 | |
| | First Name | Middle Name | Last Name | EIN: __-_____ | | |
| Debtor 2: (Spouse, if filing) | First Name | Middle Name | Last Name | Social Security number or ITIN: ____ EIN: __-_____ | | |
| United States Bankruptcy Court: | District of New Jersey | | | Date case filed for chapter: | 13 | 9/19/19 |
| Case number: | 19-27926-JNP | | | | | |

## Official Form 309I
## Notice of Chapter 13 Bankruptcy Case

12/17

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the party's correct address, resend the returned notice, and notify this office of the party's change of address. Failure to provide all parties with a copy of this notice may adversely affect the debtor as provided by the Bankruptcy Code.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | GinaMarie Forester | |
| 2. | All other names used in the last 8 years | aka Gina T. Forester, aka Gina Marie Forester, aka GinaMarie T. Forester | |
| 3. | Address | 7 Ruth Court Absecon, NJ 08201 | |
| 4. | Debtor's attorney Name and address | Robert A. Loefflad Ford, Flower, Hasbrouck & Loefflad Post Office Box 405 Linwood, NJ 08221 | Contact phone 609-653-1500 |
| 5. | Bankruptcy trustee Name and address | Isabel C. Balboa Chapter 13 Standing Trustee Cherry Tree Corporate Center 535 Route 38 - Suite 580 Cherry Hill, NJ 08002 | Contact phone (856) 663-5002 www.standingtrustee.com |
| 6. | Bankruptcy clerk's office Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. (800) 676-6856 | 401 Market Street Camden, NJ 08102 Additional information may be available at the Court's Web Site: www.njb.uscourts.gov. | Hours open: 8:30 AM - 4:00 p.m., Monday - Friday (except holidays) Contact phone 856-361-2300 Date: 9/20/19 |

**For more information, see page 2**

Official Form 309I    Notice of Chapter 13 Bankruptcy Case    page 1

Debtor  GinaMarie Forester                                                                 Case number 19-27926-JNP

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend.<br>Creditors may attend, but are not required to do so.<br>All individual debtors must provide picture identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed. | November 8, 2019 at 09:00 AM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>1423 Tilton Road, Suite 5, Northfield, NJ 08225 |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | Filing deadline: 1/7/20 |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: 12/2/19 |
| | **Deadline for governmental units to file a proof of claim:** | Filing deadline: 180 days from date of order for relief.<br>11 U.S.C. § 502(b)(9) |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form ("Official Form 410") may be obtained at www.uscourts.gov or any bankruptcy clerk's office. You may also contact the Clerk's Office where this case is pending to request that a Proof of Claim form be mailed to you. The Clerk's Office telephone number is included on the front of this Notice.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. The plan and notice of confirmation hearing will be sent separately. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline.<br><br>**WRITING A LETTER TO THE COURT OR THE JUDGE IS NOT A SUBSTITUTE FOR FILING AN ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OR DISCHARGEABILITY. IN NO CIRCUMSTANCE WILL WRITING A LETTER PROTECT YOUR RIGHTS.** | |

# Robert A Loefflad

| | |
|---|---|
| **From:** | cmecf_help_desk@njb.uscourts.gov |
| **Sent:** | Friday, September 20, 2019 10:41 AM |
| **To:** | no-reply@njb.uscourts.gov |
| **Subject:** | Ch-13 19-27926-JNP Confirmation Hearing Scheduled - GinaMarie Forester |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**District of New Jersey**

Notice of Electronic Filing

The following transaction was received from eag entered on 9/20/2019 at 10:40 AM EDT and filed on 9/20/2019
**Case Name:**     GinaMarie Forester
**Case Number:**    19-27926-JNP
**Document Number:**

**Docket Text:**
Confirmation Hearing Scheduled (related document:[2] Chapter 13 Plan. Filed by Robert A. Loefflad on behalf of GinaMarie Forester.). Confirmation hearing to be held on 12/18/2019 at 09:00 AM at JNP - Courtroom 4C, Camden. Last day to Object to Confirmation 12/11/2019. (eag)

The following document(s) are associated with this transaction:


**19-27926-JNP Notice will be electronically mailed to:**

Isabel C. Balboa
ecfmail@standingtrustee.com, summarymail@standingtrustee.com

Robert A. Loefflad on behalf of Debtor GinaMarie Forester
rloefflad@ffhlaw.com, ghuie@ffhlaw.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

**19-27926-JNP Notice will not be electronically mailed to:**

STATISTICAL INFORMATION ONLY: **Debtor must select the number of each of the following items Included in the Plan.**
0 Valuation of Security     0 Assumption of Executory Contract or Unexpired Lease     0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **GinaMarie Forester**

Case No.: _____
Judge: _____

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: **11/14/2019**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **RAL** /s/  Initial Debtor:  **G F** /s/   Initial Co-Debtor _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay __1,100.00 Monthly__ to the Chapter 13 Trustee, starting on __10/01/2019__ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection    [X] NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Robert A. Loefflad NJ Bar ID# 024791996 | Attorney Fees | 1,500.00 |
| Internal Revenue Service | Income Taxes | 1,800.00 |

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest In Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the

allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| Select Portfolio Servicing, Inc. |
| USAA Federal Savings Bank (Home Equity Loan) |
| USAA Bank (Car Loan - 2013 Subaru BRZ) |
| USAA Bank (Car Loan - 2010 Mazda CX-9) |

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☐    Not less than ____ percent

☑    *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    ☒ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

4

### a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

### a. Vesting of Property of the Estate
- ☑ Upon Confirmation
- ☐ Upon Discharge

### b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

## Part 9: Modification  ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Priority Claim of Internal Revenue Service inadvertently omitted from original plan. | Priority Claim of Internal Revenue Service for outstanding income taxes to be paid in full through plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **November 14, 2019**        /s/ GinaMarie Forester
                                    GinaMarie Forester
                                    Debtor

Date: _____                        Joint Debtor

Date **November 14, 2019**          /s/ Robert A. Loefflad NJ Bar ID#
                                    Robert A. Loefflad NJ Bar ID# 024791996
                                    Attorney for the Debtor(s)

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy